**E-Filed 7/7/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE N. MEADOR,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner of Social Security,<br><br>            Defendant. | Case Number C 07-02418 JF<br><br>ORDER[2] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket nos. 10, 15 ] |

**I. BACKGROUND**

Plaintiff Suzanne N. Meador ("Plaintiff") filed this action on May 4, 2007, seeking to reverse or remand for further administrative proceedings a decision by Defendant Commissioner of Social Security ("Commissioner") denying her disability insurance benefits and supplemental

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007.

[2] This disposition is not designated for publication in the official reports.

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)

security income.[3] Defendant answered Plaintiff's complaint on August 23, 2007. The parties have filed cross-motions for summary judgment.

The following facts are taken from the ALJ's decision dated January 12, 2006 and the accompanying administrative record ("AR"). At the time of hearing, Plaintiff was twenty-eight years old and had a college education. AR at 18. Her past work experience included employment as a server, as an administrative assistant, and as a school teacher. *Id.* Plaintiff alleges that she became disabled on May 3, 2003 as a result of right jaw, leg, hip, shoulder, head, neck, and back pain as well as muscle and nerve damage, all caused by an automobile accident. *Id.* On April 22, 2004, Plaintiff filed concurrent applications for disability insurance benefits and supplemental security income. *Id.* Her application was initially denied on August 26, 2004. *Id.* at 25. The application was denied upon reconsideration on February 4, 2005. *Id.* at 31. Pursuant to Plaintiff's request, the ALJ held an administrative hearing on November 18, 2005 in San Jose, California. *Id.* at 18. Plaintiff, who was represented by attorney counsel, testified at the hearing. *Id.*

The ALJ found that Plaintiff "[was] not disabled within the meaning of the Social Security Act." *Id.* To determine whether Plaintiff was disabled, the ALJ noted that "a five-step evaluation must be performed pursuant to 20 CFR §§ 404.1520 and 416.920." *Id.* at 19. At step one, the ALJ concluded that Plaintiff's work as a substitute teacher did not constitute "'substantial gainful activity' as that term is used in the Regulations." *Id.* At step two, the ALJ found that "medical evidence indicates that [Plaintiff] has chronic pain syndrome; and, possible internal derangement of the temporomandibular joints, impairments that are 'severe' within the meaning of the Regulations." *Id.* The ALJ, however, concluded that these impairments "[were] not 'severe' enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." *Id.*

---

[3]The challenged decision was rendered by Administrative Law Judge T. Patrick Hannon ("the ALJ") on January 12, 2006. The ALJ's decision became final on March 5, 2007 when the Appeals Council of the Social Security Administration denied Plaintiff's request for administrative review of the ALJ's decision.

2

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)

In determining Plaintiff's residual functional capacity, the ALJ found that Plaintiff "[was] able to lift and carry ten pounds frequently and twenty pounds occasionally; and . . . [was] able to sit, stand, and/or walk for six hours of an eight hour workday." *Id.* at 23. The ALJ found that Plaintiff's residual functional capacity enabled her "to return to her past relevant work as a school teacher . . . as it is generally performed in the national economy." *Id.* Based on these determinations, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act at any time through the date of his decision. *Id.*

## II.  LEGAL STANDARD

### A. Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision denying Plaintiff benefits. The Commissioner's decision (here the decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In this context, the term "substantial evidence" means "more than mere scintilla but less than a preponderance - is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257. When determining whether substantial evidence exists to support the ALJ's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

### B. Standard for Determining Disability

A person is "disabled" for purposes of receiving social security benefits if he or she is unable to engage in any substantial gainful activity caused by a physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450,

3

1452 (9th Cir. 1984). Social Security disability cases are evaluated using a five-step, sequential evaluation process. AR at 19. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments which significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the listing contained in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[4] to perform his or her past work; if so, the claimant is not disabled and the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing the claimant can perform other substantial gainful work;[5] the determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

### III. DISCUSSION

Plaintiff asks this Court to reverse the Commissioner's final decision denying benefits and remand to the Social Security Administration for immediate payment of benefits.

---

[4] A claimant's residual functional capacity ("RFC") is what he or she can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[5] There are two ways for the Commissioner to meet the burden of showing that there is other work in significant numbers in the national economy that claimant can do: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

4

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  Alternatively, Plaintiff requests that her case be remanded to the ALJ for further additional
2  administrative proceedings to determine whether she is disabled.  The specific issues raised in
3  this case are (1) whether the ALJ properly rejected the findings of Plaintiff's treating physician,
4  Dr. Curtis Mark; and (2) whether the ALJ properly assessed Plaintiff's credibility.

**A. Whether the ALJ Erred in Rejecting the Opinion of Dr. Mark**

Plaintiff argues that the ALJ improperly gave little weight to the opinions of her treating physician, Dr. Mark.  Initially, she claims that the ALJ improperly questioned Dr. Mark's credibility when he stated that Dr. Mark's "opinions appear reflective of a position of an 'advocate' for the patient."  Plaintiff contends that contrary to the ALJ's assertions of inconsistency, Dr. Mark's medical evaluations uniformly document the nature of her residual functional capacity and that the ALJ found incorrectly that the "'record does not indicate any prescription for the level of pain killers that might be expected with a person so immobilized by pain'" when in fact Dr. Mark had prescribed medicated pain patches and Vicodin in addition to nerve blocks.  Plaintiff concludes that the ALJ should have accorded Dr. Mark's opinions controlling weight.

It is true that greater weight ordinarily should be given to the opinion of a treating physician.  *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).  However, a treating physician's opinion is not always binding; in the case of a conflict, the "ALJ must give specific, legitimate reasons" for disregarding a treating physician's opinion.  *Id.*  In circumstances where "the record would support more than one rational interpretation," the court will "defer to the ALJ's decision."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999)).

The Commissioner asserts that the ALJ provided legally sufficient reasons for declining to adopt Dr. Mark's opinions, and the Court agrees.  The ALJ properly gave "little weight" to Dr. Mark's opinions because "they [were] not consistent with the medical record as a whole or with the doctor's own examination and treatment notes."  *Id.* at 22.  The ALJ observed that Dr. Mark

5

opined in June 2004 that Plaintiff was able to lift five pounds occasionally and four pounds frequently, walk one hour and stand one hour in an eight hour workday, and had trouble bending forward, moving her neck, and lifting her arms. AR at 20. Yet in November 2005, Dr. Mark found that Plaintiff could sit or stand for only "five minutes at a time, for less than two hours in an eight hour workday; she must walk for three minutes in ten minute intervals; she needs to elevate her legs; she is able to lift less than ten pounds rarely; she is able to look down and hold her head in a static position rarely; and she is able to perform fine manipulation 50% of the time." *Id.* at 22. Dr. Mark released Plaintiff to work on a trial basis provided that Plaintiff's employer could make significant accommodations and that the workplace were close to home in light of Plaintiff's limited driving ability. *Id.* Dr. Mark opined that Plaintiff "[was] not capable of working at a conventional eight hour job, five days a week," and that Plaintiff had "difficulty even with normal household activities because of pain; she is unable to participate in dancing or traditional exercise activities; and she needs a high back chair for school." *Id.* at 20, 22.

The ALJ found Dr. Mark's two reports to be inconsistent because Dr. Mark recommended a reduced level of physical activity in his November 2005 report despite notations that Plaintiff's condition had improved progressively since the June 2004 report. *Id.* at 22 (ALJ Decision), 312 (AR). The ALJ further discounted Dr. Mark's opinion because the level of pain medications prescribed and the failure to recommend surgical treatment did not match what would "be expected with a person so immobilized by pain." *Id.* at 22.

The ALJ also considered the Plaintiff's entire medical record, including reports from other physicians. The ALJ noted that Dr. Farah Rana, who examined Plaintiff as consulting physician for the Disability Determination Service, found that Plaintiff had normal muscle bulk and tone; Dr. Farah also observed that Plaintiff "did not give full effort during the examination," which could not be completed because of Plaintiff's reports of pain. *Id.* at 21. The ALJ noted that several doctors, including Dr. Rana, found that Plaintiff's pain was subjective rather than objective. *Id.* Harley Goldberg, D.O., found that Plaintiff had "no identifiable spinal etiology or underlying neurological pathology" in January 2005. *Id.* Dr. Goldberg recommended

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  discharging Plaintiff from a spine clinic in favor of Plaintiff following a chronic pain program.
2  *Id.* In his February 2005 review for the Disability Determination Service, Dr. James B. Peery
3  concurred that Plaintiff had the residual functional capacity for light work. *Id.*
4    The ALJ adequately explained his reasons for giving little weight to the treating
5  physician's opinion. The record as a whole indicates that there were conflicting medical
6  opinions regarding the nature of Plaintiff's pain and residual functional capacity. Although the
7  record may "support more than one rational interpretation," this Court will "defer to the ALJ's
8  decision." *Bayliss*, 427 F.3d at 1214 n.1.

9    **B. Whether the ALJ Erred in His Assessment of Plaintiff's Credibility**

10    Plaintiff also argues that the ALJ improperly discounted her credibility by failing to
11  provide clear and convincing reasons for doing so. Plaintiff suggests that the ALJ "sandbagged"
12  her by describing her as credible during testimony yet later deeming her claims to be "not wholly
13  credible" in his decision. Plaintiff asserts that her level of daily activity does not contradict the
14  limitations allegedly caused by her pain. Plaintiff also argues that the ALJ improperly considered
15  the fact that she was attending graduate school in assessing her credibility.
16    The ALJ's assessment of Plaintiff's credibility must be "properly supported by the
17  record" and "sufficiently specific" to assure the reviewing court that the ALJ "rejected the
18  [Plaintiff's] testimony on permissible grounds and did not 'arbitrarily discredit a claimant's
19  testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1995) (quoting
20  *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1213–14 (11th Cir. 1991)). This Court must
21  give deference to the ALJ's assessment of Plaintiff's credibility if it is properly supported by the
22  record and applicable legal standards. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)
23  (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). Here, the ALJ assessed the
24  Plaintiff's claims pursuant to Social Security Ruling 96-7p and Regulations 20 C.F.R. §§
25  404.1529 and 416.929. AR at 22. The ALJ found Plaintiff's claims to be "not wholly credible"
26  only after "carefully considering all of the medical and documentary evidence" in the record. *Id.*
27  Specifically, the ALJ found:
28

> discrepancies between [Plaintiff's] assertions and the degree of medical treatment (including medications) sought and obtained, the lack of any objective evidence after extensive diagnostic tests, the findings made on examination by the DDS examining physician, the level of follow-up treatment, including diagnostic testing, ordered by the treating physicians, and the claimant's admitted daily activities.

*Id.* The ALJ noted that Plaintiff was attending graduate school classes. *Id.*

The record as a whole demonstrates that the ALJ did not dismiss Plaintiff's testimony arbitrarily but rather rejected the testimony on permissible grounds. In *Johnson v. Shalala*, the Ninth Circuit held that discrepancies between medical evidence and a plaintiff's testimony may be considered in a credibility assessment. 60 F.3d 1428, 1434 (9th Cir. 1995). In the instant case, for example, multiple physicians found Plaintiff's complaints of pain to be more subjective than objective. AR at 21. The Ninth Circuit also held that the degree to which subjective complaints may be corroborated by objective medical evidence is relevant in assessing a plaintiff's credibility. *Rollins*, 261 F.3d at 857 (referencing 20 C.F.R. § 404.15259(c)(2)). Moreover, contrary to Plaintiff's assertion, a plaintiff's ability to attend school may be relevant to an ALJ's credibility determination. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Even if Plaintiff's graduate school attendance was more limited than that of the claimant in *Matthews*, it was not improper for an ALJ to consider the fact of such attendance, along with all of the other evidence, in his credibility analysis. According the ALJ's credibility determination the deference to which it is entitled, this Court finds no error.

8

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1 **IV.  ORDER**

2  Good cause therefor appearing, IT IS HEREBY ORDERED that:

3  (1) Plaintiff's motion for summary judgment is DENIED;

4  (2) Defendant's cross-motion for summary judgment is GRANTED; and

5  (3) The Clerk shall enter judgment and close the file.

6 DATED: 7/7/08

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  This Order has been served upon the following persons:

2  Elizabeth Firer      Elizabeth.Firer@ssa.gov

3  Harvey Peter Sackett     hps@hpspc.com, juanita@sackettlaw.com, julie@sackettlaw.com, lucyc@sackettlaw.com

10

Case No. C 07-02418 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFEX2)